I agree with Judge HAYWOOD except in a few particulars: He says malice is understood of a killing under such circumstances as cuts the party off from all manner of excuse. I do not think this a true position. He may have some kind of excuse, as a slight provocation or the like, or a provocation not sufficiently violent; he may, in short, have some sort of excuse, and yet be guilty of murder. I cannot think it an excuse to reduce the offense to manslaughter where two persons (449) quarrel and fight, and one goes some distance, gets a knife, returns and kills the other with it. Such disputes happen every day. If we say it is not murder to kill shortly after, under such circumstances as this man was killed, much blood will be spilt in a very short time. It will be establishing a dreadful precedent. Norris ran off from the first combat and went home; he got into his house, his castle of refuge and defense, where no one would have offered to molest him. Why did he not remain there? Why take his knife and return back 80 or 100 yards to an enraged man? Did not this show a murderous intent, and that his heart was bent upon cruelty? I think it is no matter what provocation the slayer may have received from the other, if notwithstanding that he appears to have possessed the faculty of reflecting. It is a temporary frenzy occasioned by passion, and depriving the man for the time of his reason, that the law considers and goes upon in estimating and reducing the homicide to manslaughter; but there is not any evidence in this case of a deprivation of reason, but evidence of the contrary. He denied having any weapon, when expressly asked whether he had or not. The jury will consider why and for what purpose he made such an answer. If he had any certain end in view, it is an evidence that his reason and judgment were not overturned. On occasions like the present we are not to give up ourselves to the guidance of commiseration. We ought inflexibly to do justice without regard to consequences. I am sure I have *Page 353 
as much feeling and compassion for my fellow-creatures in distress as any man; but it is great cruelty to the public in a judge or juror to acquit a murderer from motives of compassion. It encourages such offenses; besides, how is the prisoner dearer to us than the person slain, who may have left a wife and helpless orphans to deplore his loss, deprived of their only friend, and now exposed comfortless to the world? I do not know what was the situation of the deceased, but this may be the case with persons who fall by murderous hands, and their dependents. I meant not to prejudice the case of the prisoner, but only to express my idea of the impropriety there is in showing favor. If the prisoner by his conduct has subjected himself to the punishment of the laws of his country, we were not the cause of his transgression. If any mishap befall him, it is his own fault, not ours. We should never attempt to trample upon the rules of law from motives of mercy or compassion.
The jury retired, and after some time returned, and found the (450) prisoner not guilty of murder, but guilty of manslaughter; and he was burnt in the hand and discharged.
NOTE BY REPORTER. — The cause of reporting this case with so much minuteness is that the public opinion ran very high against the prisoner, before and after his trial, and he was pronounced guilty of murder by many who were present at his trial. The jury who acquitted him were highly censured. Perhaps the learned may be of opinion, when they meet with this case, that the jury gave a proper verdict. It is possible that may become the general opinion. If so, probably some of those who are to be hereafter concerned in trials of this sort may be led to reflect on the rapidity with which a wrong opinion sometimes spreads its influence over the public mind, and to be cautioned, that a popular sentiment, however honest and well meaning it may be, may sometimes become current for want of sufficient consideration or information, and as frequently so respecting matters of judicial deliberation as any others.
Cited: S. v. Benton, 19 N.C. 208; Hill v. Cox, 34 N.C. 322.
Overruled: S. v. Taylor, 88 N.C. 697.